[No. 4275.]

BECKWITH, SECRETARY OF STATE, v. RUCKER.

1. ELECTIONS—POLITICAL CONVENTIONS—NOMINEES—OFFICIAL BALLOTS.

A convention of a political party was duly called for a judicial district composed of four counties. Thirteen delegates were entitled to seats, of which one county was entitled to seven. The county entitled to seven delegates sent two contesting delegations. The delegates from the other counties, being uncontested, met and perfected a temporary organization and appointed a credentials committee, to whom was submitted the claims of both contesting delegations, and its report seating one delegation was adopted, and the successful delegation, together with the delegates from other counties, proceeded to permanent organization and nominated a candidate for judge. Six of the unsuccessful delegates retired to another place and organized and nominated a candidate. *Held*, that the convention first organized was the regular convention of the party and its nominee was entitled to be placed on the official ballot as the nominee of the party.

2. SAME—ESTOPPEL.

Where a contesting delegation to a political convention recognized

the authority of the committee to call the convention and submitted their claims to the convention without questioning its authority in the premises they are, in the absence of fraud or some such consideration, estopped to deny its regularity.

*Upon Review from the District Court of Arapahoe County.*

Mr. HARVEY RIDDELL, for petitioner.

Mr. H. T. SALE and Mr. KYLE RUCKER, for respondent.

*Per Curiam.*—The real object of the controversy in this proceeding is to determine who is the nominee of the People's party for the office of judge of the district court of the ninth judicial district of the state of Colorado. Both Hon. Thomas A. Rucker and Hon. John T. Shumate claim the nomination. The judgment of the district court in favor of Judge Rucker might be affirmed upon several grounds. We put the affirmance on one only.

The convention of the People's party of the judicial district for nominating a candidate for judge was called to be held at Glenwood Springs on the 3d day of September, 1900, by the district committee of the party having authority to do so. The district is composed of the counties of Pitkin, Garfield, Routt and Rio Blanco, and the number of delegates, under the call, was thirteen, of which Pitkin had seven. There were two sets of delegates from the county of Pitkin, each claiming seats in the convention, but the delegates from the other three counties held credentials that were not challenged.

The convention was properly called to order by Dr. Dean, the chairman of the district committee, and a temporary organization was duly and legally effected by the delegates holding unquestioned credentials. A committee on credentials was appointed, to which the contesting delegations

from Pitkin county submitted their respective claims, which after a hearing given to both factions, reported in favor of the delegates .supporting Judge Rucker. This report was approved by the convention, and the Rucker delegates were seated. Thereupon six of the seven delegates from Pitkin county that favored Mr. Shumate, and against whose regularity the decision of the convention went, withdrew from the hall in which the convention met, and went to another place, and there assumed to organize another convention by themselves, in which only the six delegates sat," called the "Light" convention from the name of its chairman,—and it was this convention that nominated Mr. Shumate for the office of district judge.

The convention as first organized, with Dr. Dean as chairman, and composed of the successful delegation from Pitkin county and the uncontested delegates from the other three counties, remained in the hall, and proceeded to nominate Judge Rucker.

According t) the rules of parliamentary law and the practice of political conventions, the Dean convention was the regularly organized convention of the People's Party for that judicial district, and Judge Rucker is the only legal nominee of the party. The Shumate delegates from Pitkin county, having recognized the authority of the judicial committee to call a convention, and having presented their claims to the convention called by the committee, without questioning its authority in the premises, are, in the abscence of fraud or some such consideration, estopped to deny its regularity. Certainly, the Shumate delegates from Pitkin county who withdrew from the convention and organized another body can lay no claim to regularity. *Twombly v. Smith*, 25 Colo. 425.

The decision of the district court, being in accord with our conclusion, is affirmed, and the secretary of state is hereby ordered to certify the name of Judge Rucker in conformity with the decision of the district court.

Vol. 28–2                                    *Affirmed.*